**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASIA TV USA LTD., MSM ASIA LTD., STAR INDIA PRIVATE LTD., VIACOM18 MEDIA PRIVATE LIMITED, ARY DIGITAL USA LLC, and DISH NETWORK L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> DIBIA NETWORKS LIMITED and ABDELLAH HAMEAD, <br><br> Defendants. | NO. 17-CV-06977 (GBD) <br><br> [PROPOSED] <br> **DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

*USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: OCT 11 2018*

The Court has considered the Motion for Default Judgment and Permanent Injunction of Plaintiffs Asia TV USA Ltd., MSM Asia Ltd., Star India Private Ltd., Viacom18 Media Private Limited, ARY Digital USA LLC (the "Network Plaintiffs") and DISH Network L.L.C (collectively, "Plaintiffs") against Dibia Networks Limited and Abdellah Hamead (collectively, "Defendants") and all documents in support thereof. Good cause appearing to enter the requested relief, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED, and Judgment shall be and hereby is entered against Defendants in this action as follows:

1. For purposes of this Default Judgment and Permanent Injunction, the following definitions shall apply:

    a. "Plaintiffs' Copyrighted Programming" shall mean each of those audiovisual or motion picture works, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary, or affiliate of any of the Plaintiffs), owns or controls an exclusive right under the United States

1

Copyright Act, 17 U.S.C. §§ 101 *et seq.*, including without limitation all copyrighted programs identified in **Exhibit 1** hereto;

b. "BTV Device" shall mean the television set-top devices marketed under the name "BTV";

c. "Infringing BTV Apps" shall mean any BTV applications available through the menu options on the BTV Device whereby Plaintiffs' Copyrighted Programming is publicly performed without authorization by transmission to members of the public;

d. "Retransmission Services" shall mean transmissions of Plaintiffs' Copyrighted Programming through the BTV Device and/or the Infringing BTV Apps;

e. "Comparable System" shall mean any device, data transmission service, or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, including through the use of any peer to peer or internet based transmission, file sharing or content delivery technology;

f. "BTV Websites" shall mean the websites located at the domain name btv.co and any other websites maintained by Defendants or pursuant to their direction, that distribute, sell, advertise or promote any BTV Device, the Retransmission Services, Infringing BTV Apps, or any Comparable System, or are otherwise utilized in furtherance of any of the activities enjoined in Paragraphs 8 and 9 hereinbelow;

2. This Court has personal jurisdiction over Defendants and jurisdiction over the subject matter at issue pursuant to 28 U.S. C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

3. Plaintiffs' copyrights in Plaintiffs' Copyrighted Programming are valid and enforceable.

4. Defendants have committed the following acts:

    a. transmitting video of Plaintiffs' Copyrighted Programming into the United States without authorization through Infringing BTV Apps, and/or Retransmission Services;

    b. retransmitting Plaintiffs' Copyrighted Programming to BTV Devices, capturing Plaintiffs' television programs and converting them to internet-friendly formats and directly streaming such content to the United States;

    c. unlawfully publicly performing and/or authorizing others to publicly perform Plaintiffs' Copyrighted Programming;

    d. unlawfully reproducing or distributing and/or authorizing others to reproduce or distribute Plaintiffs' Copyrighted Programming;

    e. marketing the availability of infringing copies of Plaintiffs' Copyrighted Programming streaming via BTV Devices, Infringing BTV Apps, BTV Websites and/or Retransmission Services;

    f. designing, manufacturing, distributing, maintaining and marketing the BTV Devices, Infringing BTV Apps, and Retransmission Services, all with the object of promoting their use to infringe Plaintiffs' Copyrighted Programming, thereby knowingly and intentionally inducing infringement of Plaintiffs' Copyrighted Programming and materially contributing to the continued infringement of Plaintiffs' Copyrighted Programming by third parties; and

3

  g. continuing the acts detailed in ¶¶ 4(a)–(f) above after receiving cease and desist letters from Plaintiffs and after the commencement of this action.

5. Defendants' acts constitute direct infringement, contributory infringement and vicarious infringement of Plaintiffs' Copyrighted Programming in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

6. Defendants are ordered to pay damages to Plaintiffs in the amount of $6,600,000.

7. Defendants are ordered to pay post-judgment interest, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

8. Defendants, and all of their parents, subsidiaries, affiliates, officers, agents, servants and employees, and all officers, agents, servants and employees of their parents, subsidiaries and affiliates, and all those persons or entities acting in active concert or participation with Defendants (including but not limited to parties that procure or provide sales, distribution, shipping or logistics services, primary and backup storage services, or web, server or file hosting services on behalf of Defendants, including but not limited to those parties listed in **Exhibit 2**) and all persons and entities who receive actual notice of this Order (collectively, the "Enjoined Parties") are immediately and permanently enjoined from engaging in any of the following activities:

  a. Distributing, selling, advertising, marketing or promoting any BTV Device, and/or Comparable System that makes any Infringing BTV Apps, any Retransmission Services or Plaintiffs' Copyrighted Programming available to users of that device or Comparable System;

4

b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming;

c. Authorizing, hosting, reproducing, downloading, selling or otherwise distributing Infringing BTV Apps, including without limitation offering them in any app Store, loading them onto any BTV Device, or Comparable System; offering or providing them on any internet website or other internet accessible location; or providing Infringing BTV Apps to consumers on separate media;

d. Creating or providing assistance to others in creating an Infringing BTV Apps or Comparable System;

e. Advertising, displaying, marketing or otherwise promoting any of the Infringing BTV Apps, including without limitation publicly displaying any of the Plaintiffs' Copyrighted Programming in connection therewith or in connection with any BTV Device or Comparable System, including without limitation via the BTV Websites;

f. Distributing, selling, advertising, marketing or promoting any BTV Device or Comparable System that contains, connects to, or offers for download any Infringing BTV Apps or promotes any Infringing BTV Apps through the inclusion of icons for said Infringing BTV Apps;

g. Distributing, selling, advertising, marketing or promoting any BTV Device that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs,

5

directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming without permission;

    h.    Distributing, selling, advertising, marketing or promoting any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming without permission;

    i.    Providing or controlling servers that contain any of Plaintiffs' Copyrighted Programming; and

    j.    Assisting with end-user reproductions or transmissions of any of Plaintiffs' Copyrighted Programming through a tracker server, or any other server or software that assists users or devices in locating, identifying or obtaining reproductions or transmissions of any of Plaintiffs' Copyrighted Programming, including from other users offering reproductions or transmissions of any of Plaintiffs' Copyrighted Programming; and/or

    k.    Otherwise infringing Plaintiffs' rights in their Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

9.    The Enjoined Parties are further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Programming, whether through Infringing BTV Apps, any Comparable System or otherwise, including without limitation engaging in any of the following activities:

    a.    Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Programing;

4847-8380-2477v.4 0090227-000009

    b.    Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Programming;

    c.    Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Programming;

    d.    Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Programming;

    e.    Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Programming;

    f.    Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Programming;

    g.    Providing hyperlinks to or other means of accessing infringing copies of Plaintiffs' Copyrighted Programming

    h.    Including references to Plaintiffs' Copyrighted Programming or Infringing BTV Apps in promotional materials; and

    i.    Creating, maintaining or providing access to Infringing BTV Apps.

10.    The Enjoined Parties shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration, any part of the system, software, source code, data file, other technology, domain names, trademarks, brands, or files used in connection with any BTV Device, Infringing BTV App, Retransmission TV Service or Comparable System.

11.    Within 7 days of the entry of this Permanent Injunction, Defendants shall identify to Plaintiffs all domain names and IP addresses and the physical locations of all servers owned,

leased or operated by any of the Enjoined Parties that are used in connection with the activities enjoined under Paragraphs 8 and 9, above.

12. As the Court has personal jurisdiction over Defendants and has concluded that the conduct of Defendants infringes Plaintiffs' Copyrighted Programming in the United States under the copyright laws of the United States, this Permanent Injunction enjoins the conduct of Defendants wherever they may be found.

13. Third parties who provide sales, distribution, shipping or logistics services for BTV Devices and/or Comparable Systems, and who receive actual notice of this Order, are immediately and permanently enjoined from distributing, selling, advertising, marketing or promoting any BTV Device and/or Comparable System, and from providing any other services enjoined in Paragraphs 8 or 9 hereinabove.

14. Third parties who provide web, server or file hosting services, data center or colocation services, or primary and backup storage services (including but not limited to cloud storage services) used in connection with any of the activities enjoined under Paragraphs 8 or 9 hereinabove, including but not limited to the third parties providing hosting services for the internet servers identified by Plaintiffs' investigation and forensic analysis of the BTV Device and shown in **Exhibit 2** hereto (including but not limited to servers providing streaming video, application files, and BTV Device initialization, operation and authentication) and who receive actual notice of this Order, are immediately and permanently enjoined from providing such services to (i) any Enjoined Parties in connection with any of the activities enjoined under Paragraphs 8 or 9 hereinabove; (ii) any server, IP address, domain name or website used in conjunction with any BTV Device, Infringing BTV Apps, Retransmission Service or Comparable System; and (iii) the BTV Website.

4847-8380-2477v.4 0090227-000009

15. Third parties who provide services used in connection with the activities enjoined under Paragraphs 8 or 9 hereinabove, including but not limited to back-end service providers, service providers routing traffic or providing bandwidth, content delivery networks, and domain name server systems (including but not limited to CloudFlare, Incapsula and DNSPod), content hosting websites (including but not limited to GitHub), search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and internet keyword advertising), domain name registration privacy protection services, providers of social media services (including but not limited to Facebook and Twitter), user generated and online content services (including but not limited to YouTube) and data security services (including but not limited to denial-of-service attack prevention, firewall and proxy services), who receive actual notice of this Order are permanently enjoined from providing such services to: (i) any Enjoined Parties in connection with any of the activities enjoined under Paragraphs 8 or 9 hereinabove; (ii) any server, IP address, domain name or website used in conjunction with any BTV Device, Infringing BTV App, Retransmission TV Service or Comparable System; and (iii) the BTV Websites.

16. The domain name registries (including but not limited to VeriSign, Inc.) and/or registrars holding or listing the domain names btv.co, btvbox.com or one or more of the domain names used in connection with the activities enjoined under Paragraphs 8 or 9 hereinabove (including but not limited to the domain names identified in **Exhibit 2** hereto), and who receive actual notice of this Order, shall (1) disable those domains identified in the attached **Exhibit 2**, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable other than to one or more Plaintiffs; and (2) at the direction of one or more of the Plaintiffs, transfer these domain names to such Plaintiff's or

Plaintiffs' ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of such Plaintiff's or Plaintiffs' choosing.

17. Service by personal service upon Defendants at their known addresses or, if such personal service cannot be effectuated, shall be completed by delivering to Defendant Dibia Networks Limited's last known registered business address at 2003, 20/F., Tower 5, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong a copy of this Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendants under Federal Rule of Civil Procedure 65 and pursuant to this Court's Order Granting Plaintiffs Leave To Serve Defendant Abdellah Hamead by Email and by Hand Delivery, dated April 2, 2018 (Dkt. No. 33). It shall not be necessary for Defendants to sign any form of acknowledgement of service.

18. This Permanent Injunction shall bind the Enjoined Parties. Defendants shall provide a copy of this Permanent Injunction to their officers, agents, servants, employees, attorneys, principals, shareholders, members, current and future administrators or moderators of the any online forums associated with Defendants or any BTV Device, Infringing BTV Apps, Retransmission Service or Comparable System.

19. Violation of this Permanent Injunction shall expose Defendants, the Enjoined Parties and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

20. Within 14 days of the date the Court enters this Permanent Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants has complied with the Permanent Injunction.

4847-8380-2477v.4 0090227-000009

21.   The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court direct immediate entry of this Default Judgment and Permanent Injunction.

22.   Plaintiffs may obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Default Judgment and Permanent Injunction Order to any of: Enjoined Parties, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; and third parties providing services to the Enjoined Parties in connection with any BTV Device, Infringing BTV Apps, Retransmission Service or Comparable System.

23.   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

IT IS SO ORDERED.

DATED this ____ day of _____.   *OCT 1 1 2018*

UNITED STATES DISTRICT COURT

By: *George B. Daniels*
Hon. George B. Daniels
Judge of the United States District Court

11

4847-8380-2477v.4 0090227-000009

# EXHIBIT 1

| Network Plaintiff | Title | Episode No. | Copyright Registration | Registration Date | Publication Date |
|---|---|---|---|---|---|
| ZEE | Ek Tha Raja Ek Thi Rani | 85 | PA 2-018-576 | 2/9/2016 | 11/19/2015 |
| | I Can Do That | 10 | PA 2-018-573 | 2/9/2016 | 11/15/2015 |
| | Jamai Raja | 335 | PA 2-015-340 | 1/4/2016 | 11/19/2015 |
| | Kaala Teeka | 14 | PA 2-018-574 | 2/9/2016 | 11/19/2015 |
| | Kumkum Bhagya | 421 | PA 2-015-342 | 1/4/2016 | 11/19/2015 |
| | Lajwanti | 39 | PA 2-019-577 | 2/9/2016 | 11/19/2015 |
| | Neeli Chatari Wale | 120 | PA 2-018-575 | 2/9/2016 | 11/15/2015 |
| | Qubool Hai | 801 | PA 2-015-300 | 1/4/2016 | 11/19/2015 |
| | Sarojini...Ek Nayal Pehal | 106 | PA 2-015-337 | 1/4/2016 | 11/19/2015 |
| | Satrangee Sasuraal | 265 | PA 2-015-336 | 1/4/2016 | 11/19/2015 |
| | Tashan-E-Ishq | 75 | PA 2-015-339 | 1/4/2016 | 11/19/2015 |
| | Yeh Vaada Raha | 44 | PA 2-018-578 | 2/9/2016 | 11/19/2015 |
| MSM | Adaalat | 365 | PA0001925930 | 10/30/2014 | 10/11/2014 |
| | Adaalat | 383 | PA0001939426 | 1/16/2015 | 12/21/2014 |
| | Adaalat | 387 | PA0001938892 | 2/6/2015 | 1/11/2015 |
| | Badi Door Se Aaye Hai | 85 | PA0001925917 | 10/30/2014 | 10/3/2014 |
| | Badi Door Se Aaye Hai | 136 | PA0001939419 | 1/16/2015 | 12/16/2014 |
| | Badi Door Se Aaye Hai | 150 | PA0001938921 | 2/6/2015 | 1/5/2015 |
| | Bharat Ka Veer Putra: Mahrana Pratap | 346 | PA0001938917 | 2/6/2015 | 1/12/2015 |
| | Bharat Ka Veer Putra: Mahrana Pratap | 292 | PA0001925929 | 10/30/2014 | 10/9/2014 |
| | Bharat Ka Veer Putra: Mahrana Pratap | 333 | PA0001939423 | 1/16/2015 | 12/18/2014 |
| | Chandrakant Chiplunkar Seedi Bambawala | 34 | PA0001925915 | 10/30/2014 | 10/3/2014 |
| | Chandrakant Chiplunkar Seedi Bambawala | 83 | PA0001939421 | 1/16/2015 | 12/12/2014 |
| | Chidya Ghar | 814 | PA0001939922 | 2/6/2015 | 1/5/2015 |
| | Chidya Ghar | 749 | PA0001925916 | 10/30/2014 | 10/3/2104 |
| | Chidya Ghar | 800 | PA0001939420 | 1/16/2015 | 12/16/2014 |
| | CID | 1139 | PA0001925914 | 10/30/2014 | 10/11/2014 |
| | CID | 1131 | PA0001924516 | 10/1/2014 | 9/21/2014 |
| | CID | 1169 | PA0001939427 | 1/16/2015 | 12/21/2014 |
| | CID | 1176 | PA0001938925 | 2/6/2015 | 1/10/2015 |
| | Crime Patrol | 425 | PA0001932347 | 11/4/2014 | 10/17/2014 |
| | Crime Patrol | 449 | PA0001939428 | 1/16/2015 | 12/21/2014 |
| | Crime Patrol | 456 | PA0001938924 | 2/6/2015 | 1/10/2015 |
| | Hum Hai Na | 25 | PA000192531 | 10/30/2014 | 10/9/2014 |
| | Hum Hai Na | 12 | PA0001924520 | 10/1/2014 | 9/18/2014 |
| | Hum Hai Na | 71 | PA0001939422 | 1/16/2015 | 12/18/2014 |
| | Hum Hai Na | 89 | PA0001938918 | 2/6/2015 | 1/13/2015 |
| | Humsafars | 12 | PA0001925913 | 10/30/2014 | 10/9/2014 |
| | Humsafars | 56 | PA0001939429 | 1/16/2015 | 12/18/2014 |
| | Humsafars | 73 | PA0001938923 | 2/6/2015 | 1/13/2015 |
| | Taraak Mehta Ka Ooltah Chasmah | 1554 | PA0001939417 | 1/16/2015 | 12/2/2014 |

| | Taraak Mehta Ka Ooltah Chasmah | 1578 | PA0001938920 | 2/6/2015 | 1/5/2015 |
|---|---|---|---|---|---|
| | Taraak Mehta Ka Ooltah Chasmah | 1511 | PA0001925918 | 10/30/2014 | 10/2/2014 |
| | Yam Hai Hum | 17 | PA0001938893 | 2/6/2015 | 1/6/2015 |

# EXHIBIT 2

## BTV Server IP Addresses and Domain Names September 2018

| Host | IP address | Date of detection | Domain Name | Function |
|---|---|---|---|---|
| BTV connected through a US IP address | | | | |
| Cloudflare (US) | 104.24.117.234 | Sept. 19, 2018 | 123.jadoo3.com | BTV Operational Content |
| Cloudflare (US) | 104.24.116.234 | Sept. 19, 2018 | 123.jadoo3.com | BTV Operational Content |
| Alibaba (China) | 112.74.72.153 | Sept. 19, 2018 | ck.linkinme.com | BTV Operational Content |
| Alibaba (China) | 120.27.187.184 | Sept. 19, 2018 | d3rep.linkinme.com | BTV Operational Content |
| Alibaba (Canada) | 47.88.2.125 | Sept. 19, 2018 | desktop3.atvapi.com<br>hwoo.atvapi.com<br>dsksrc3.atvapi.com | BTV Operational Content |
| Alibaba (Canada) | 47.88.33.126 | Sept. 19, 2018 | event.atvapi.com | BTV Operational Content |
| Multacom (USA) | 154.85.84.48 | Sept. 19, 2018 | | |
| Host Europe (Germany) | 85.25.213.5 | Sept. 19, 2018 | | Live Streaming Video |
| Host Europe (Germany) | 85.25.95.228 | Sept. 19, 2018 | | Live Streaming Video |
| Quasi Networks (Seychelles) | 89.248.174.183 | Sept. 19, 2018 | | Live Streaming Video |
| Quasi Networks (Seychelles) | 89.248.168.40 | Sept. 19, 2018 | | Live Streaming Video |
| HEG (USA) | 209.126.119.173 | Sept. 19, 2018 | | Live Streaming Video |
| PlusServer (Germany) | 62.75.221.34 | Sept. 19, 2018 | | Live Streaming Video |
| HEG (USA) | 69.64.58.29 | Sept. 19, 2018 | | Live Streaming Video |
| Voxility (Romania) | 93.115.92.195 | Sept. 19, 2018 | | Live Streaming Video |
| Leaseweb (Germany) | 46.165.221.159 | Sept. 19, 2018 | | Live Streaming Video |
| Leaseweb (Germany) | 46.165.221.160 | Sept. 19, 2018 | | Live Streaming Video |
| Leaseweb (Germany) | 46.165.221.161 | Sept. 19, 2018 | | Live Streaming Video |